IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **VICTORIA ACUFF,** on behalf of herself and all others similarly situated,<br><br>　　**Plaintiff,**<br>**v.**<br><br>**REGAL CAPITAL GROUP, LLC,**<br><br>　　**Defendant.** | §<br>§<br>§<br>§<br>§   **CIVIL ACTION NO.: 3:23-cv-764**<br>§<br>§<br>§<br>§<br>§ |

## CLASS ACTION COMPLAINT

### INTRODUCTION

1.   This case arises out of Defendant Regal Capital Group, LLC's ("**Regal**" or "**Defendant**") practice of making and initiating prerecorded telemarketing calls using an automatic telephone dialing system ("**ATDS**") to individuals without their consent in violation of the Telephone Consumer Protection Act ("**TCPA**"), 47 U.S.C. § 227, *et seq.*

2.   Plaintiff has done no business with Defendant, has never provided Defendant with her telephone number, and has never provided Defendant with any type of consent to call her telephone with prerecorded messages or using ATDS.

3.   Plaintiff's telephone number was also registered on the National Do-Not-Call Registry at the time of the calls at issue.

4.   Accordingly, Plaintiff brings this TCPA action on behalf of herself and all other similarly situated individuals under the TCPA.

1

**JURISDICTION & VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this action arises under the TCPA and involves federal questions.

6. This Court has personal jurisdiction over Defendant because it conducts business in this district and it has committed tortious acts in this district. Specifically, Defendant called Plaintiff's cellular telephone with a Texas area code on two occasions and left a voicemail solicitation on that cellular telephone. The robocalls, like the ones Plaintiff received, are treated the same as intentional torts of trespass and nuisance. *Thomas v. Life Protect 24/7 Inc.*, 559 F. Supp. 3d 554, 566 (S.D. Tex. 2021). Further, Defendant is a Wyoming entity, but Defendant called Plaintiff's cellular telephone using a Texas area code. Upon information and belief, and as set forth more fully below, Defendant uses technology that sends out robocalls and voicemail messages en masse and the technology allows Defendant's calls to appear as if they are being made in the recipient's forum state by calling from a phone number with the state's area code. Thus, Defendant intentionally disguised the telephone number from which it called Plaintiff's cellular telephone, in addition to intentionally and tortiously placing telephone calls and voicemail messages to Plaintiff's cellular telephone located in Texas.

7. Venue is proper in this district because all of the events made the basis of Plaintiff's claims occurred in this district. As set forth above, Defendant directed intentional torts to a Texas resident located in this district. Venue is therefore proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

8. Plaintiff Victoria Acuff is, and at all times mentioned herein was, a citizen and resident of Dallas, Texas.

9. Defendant is a Wyoming limited liability company with its principal office in

2

Sheridan, Wyoming. Defendant can be served via its registered agent: Andrew Pierce, 1095 Sugar View Dr., Ste. 500, Sheridan, Wyoming 82801.

## FACTUAL ALLEGATIONS

10. Since 2005, Plaintiff has been the user of a personal cellular telephone number ending in 6585 (the "**Number**").

11. Since April 9, 2005, Plaintiff's Number has been registered on the National Do-Not-Call Registry.

12. Defendant, or someone acting on its behalf and at its direction, makes and initiates prerecorded telemarketing calls using ATDS.

13. On September 13, 2022, Defendant placed two telephone calls to Plaintiff's Number from 713-565-0257. The calls occurred during the workday at 11:34 AM and 11:56 AM.

14. Defendant also left a prerecorded voicemail message with the 11:34 AM call. The prerecorded voicemail message had a pause at the beginning and had other indications of being prerecorded. Defendant's prerecorded voicemail stated:

> Um, hey, it's Kathy, with Regal Funding Group, in the funding department, um, I'm calling about the piece of mail I sent your company regarding the approval for your business line of credit for one-hundred-fifty thousand um, we got this done for you at just under five percent, um, I can leave this in pending status until next week uh, just give me a ring whenever you can at 949-876-8998 to discuss. Again, my number is 949-876-8998 uh, I'm looking forward to speaking with you and hope you have a great day.

15. The prerecorded voicemail message is a poor attempt of disguising a prerecorded message with a live voicemail message. The voicemail message never says the name of the "company" to which it references, nor does it state the identity of any person Defendant is allegedly attempting to reach.

16. Plaintiff does not own a business, nor does she own an interest in any company.

Consequently, Plaintiff never inquired about obtaining a business line of credit from Defendant or anyone else.

17. In fact, after Defendant called Plaintiff's Number the second time, she took time out of her workday to call Defendant's number back.

18. Defendant's agent answered Plaintiff's telephone call and stated that the telephone calls and prerecorded voicemail message are a "marketing call to see if people would be interested in discussing financing." Defendant's agent further stated that "a lot of people have gotten confused by the voicemail," further indicating that the voicemail Plaintiff received was part of a blast ringless voicemail marketing scheme, likely to thousands of telephone numbers.

19. Upon further inquiry into Regal, Plaintiff visited a Regal Capital Group webpage, which ended up being a different company than Defendant. On September 13, 2022, Plaintiff called the number provided on the webpage to try and learn more information about why Defendant was calling her, but the Regal Capital Group told her that it was not Defendant's company but that they had fielded numerous calls during the recent days relating to Defendant's unlawful calls and messages.

20. Upon information and belief, Defendant also utilized ATDS to place the telephone solicitations. The message was generic, impersonal, and promotional. Two calls were made in a short period of time. There is no preexisting relationship between Plaintiff and Defendant. Plaintiff has never heard of Regal Capital Group. Multiple people reported receiving the same or similar message relating to being "approved for a line of credit that I didn't apply for" and "Funding spam for a loan" from the same number. Upon information and belief, Defendant utilizes technology that shows a caller ID of the recipient's home State or city, despite not being located there, in order to encourage responses. Consequently, there are likely several different telephone numbers that

appeared to be calling recipients of the prerecorded marketing voicemails Defendant sent to Plaintiff and others.

21. Upon information and belief, Defendant utilizes ATDS technology to dial telephone numbers randomly or sequentially generated and Defendant causes the telephone numbers to be dialed from a list without human intervention.

22. Upon information and belief, Defendant further utilizes technology whereby Defendant uploads a prerecorded message that is sent to hundreds or thousands of telephone numbers at a time.

23. Defendant does not scrub the list it uses to place these telephone calls and leave the voicemail message against the National Do-Not-Call Registry, as Plaintiff has been registered since 2005 and otherwise never provided Defendant with her Number.

24. Plaintiff never provided Defendant with either express consent, express written consent, or any other consent to be called regarding any matter.

## CLASS ALLEGATIONS

25. Plaintiff brings this action under Federal Rule of Civil Procedure 23 on behalf of the following Classes:

   a. Since September 13, 2018, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing message using ATDS (the "**§ 227(b) Class**"); and

   b. Since September 13, 2018, Plaintiff and all residents of Texas to whose cellular telephone number Defendant place (or had placed on its behalf) a prerecorded or artificial voice telemarketing message (the "**Texas Class**") (collectively the § 227(b) Class and the Texas Class are referred to as the "**Classes**").

26. Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; and any Judge or Magistrate Judge to

whom this action is assigned and any member of their staffs and immediate families.

27. The members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

28. The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written electronically stored data showing: (1) the time period during which Defendant made the unlawful telephone calls and solicitations; (2) the telephone numbers to which Defendant placed its calls; (3) the telephone numbers for which Defendant had consent to call; (4) the purpose of such calls; and (5) the names and addresses of members of the Classes.

29. The Classes are comprised of hundreds and likely thousands of individuals.

30. There are common questions of law and fact affecting the rights of the members of the Classes including, *inter alia*:

   a. Whether Defendant (or someone acting on its behalf) used ATDS technology to call Plaintiff and members of the Classes;

   b. Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in leaving the messages to members of the Classes;

   c. Whether Defendant had consent from any user of the telephone numbers of which Defendant called;

   d. Whether Defendant used technology that sends telephone calls and/or voicemails to telephone numbers en masse to Plaintiff and the members of the Classes;

   e. Whether Defendant's conduct violates the TCPA; and

   f. Whether Defendant should be enjoined from such conduct in the future.

31. Plaintiff is a member of the Classes in that Defendant placed two or more prerecorded telemarketing calls to her Number using ATDS and an artificial or prerecorded voice.

32. Plaintiff's claims are typical of the claims of the members of the Classes in that

6

they arise from Defendant's uniform conduct and are based on the same legal theories and facts as these claims.

33. Plaintiff and all putative members of the Classes have suffered concrete and particularized harm in addition to statutory damages, as all members of the Classes spent time tending to, responding to, listening to, or otherwise being affected by Defendant's unwanted calls and prerecorded messages, which constitute a nuisance and invasion of privacy.

34. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

35. Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

36. Defendant has acted and refused to act on grounds generally applicable to the Classes thereby making injunctive relief appropriate for the Class.

37. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent rulings and varying judgments, especially given the current TCPA-legal-landscape.

38. A class action is a superior method to other available methods for the fair and efficient adjudication of this controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical. Further, discovery may reveal Defendant targeted certain high-earning or high-net-worth telephone numbers to call, and those people are less likely to bring individual actions in small claims court.

39. Common questions will predominate, and there will be no unusual manageability issues.

## CAUSES OF ACTION

**I.     Violations of the TCPA, 47 U.S.C. § 227(b) (on behalf of Plaintiff and the § 227(b) Class)**

40.    Defendant's telephone calls and prerecorded voicemail message to Plaintiff and the Class constitute telemarketing, and the TCPA and corresponding regulations require Defendant to obtain express written consent from the recipients of its telephone calls and voicemail solicitation.

41.    Defendant's telephone calls to Plaintiff and the Class using ATDS and an artificial or prerecorded voice violates § 227(b) of the TCPA.  47 U.S.C. § 227(b)(1)(A)-(B).

42.    As a result of Defendant's unwanted and unsolicited telephone calls and voicemail solicitation, Plaintiff suffered concrete and particularized harm including (1) lost time in tending to and responding to the unsolicited telephone calls and voicemail message; (2) nuisance to the point where she called Defendant back and demanded it cease calling her Number; (3) the unavailability of her cellular telephone while Defendant called her Number twice within a twenty minute period during the workday and while she listened to the voicemail message; (4) used and depleted part of Plaintiff's limited storage space in her personal voicemail box; (5) depleted battery life on her cellular telephone dealing with Defendant's calls, voicemail, and responding to same for more than thirty minutes; and (6) an invasion of Plaintiff's privacy by leaving a voicemail message purposely designed to entice Plaintiff to call Defendant back and provide Defendant with her personal information and attempt to sell her unwanted goods and services.

43.    Because Defendant violated § 227(b), Plaintiff and the Class are entitled to a minimum of $500 in statutory damages per call.  47 U.S.C. § 227(b)(3)(B).

44.    Plaintiff and the Class are entitled to $1,500 per call if Defendant's actions are found to be knowing or willful. *Id.*

8

## II.     Violations of the TCPA, 47 U.S.C. § 227(c) (on behalf of Plaintiff)

45.     Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone calls and voicemail message to Plaintiff's Number.

46.     The TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. *Id.* at § 227(c); 47 C.F.R. § 64.1200(c); *id.* at 64.1200(e).

47.     Plaintiff's telephone number was on the Do-Not-Call Registry at the time she received two telephone calls from Defendant on the same day.

48.     As a result of Defendant's unwanted and unsolicited telephone calls and voicemail solicitation, Plaintiff suffered concrete and particularized harm including (1) lost time in tending to and responding to the unsolicited telephone calls and voicemail message; (2) nuisance to the point where she called Defendant back and demanded it cease calling her Number; (3) the unavailability of her cellular telephone while Defendant called her Number twice within a twenty minute period during the workday and while she listened to the voicemail message; (4) used and depleted part of Plaintiff's limited storage space in her personal voicemail box; (5) depleted battery life on her cellular telephone dealing with Defendant's calls, voicemail, and responding to same for more than thirty minutes; and (6) an invasion of Plaintiff's privacy by leaving a voicemail message purposely designed to entice Plaintiff to call Defendant back and provide Defendant with her personal information and attempt to sell her unwanted goods and services.

49.     Because Defendant violated § 227(c), Plaintiff is entitled to $500 for each call pursuant to 47 U.S.C. § 227(c)(5).

50.     Plaintiff is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful. 47 U.S.C. § 227(c)(5).

### III.  Violations of Texas Business & Commerce Code § 302.101 (On behalf of Plaintiff and the Texas Class).

51. Defendant failed to obtain a registration certificate from the Office of the Secretary of State pursuant to § 302.101 of the Texas Business and Commerce Code.

52. Defendant placed, or had placed on its behalf, telephone solicitations to Plaintiff's and the Texas Class members' telephone numbers.

53. Defendant's telephone numbers were made to Plaintiff and the Texas Class members, who reside in Texas.

54. Plaintiff and the Texas Class are entitled to an award of up to $5,000 for each violation and all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## JURY DEMAND

55. Plaintiff requests a trial by jury of all claims that can be so tried.

## RELIEF SOUGHT

56. Plaintiff, individually and on behalf of the Class, seeks the following relief:

   a. An order certifying the Class, as defined above, and appointing Plaintiff and her counsel as Class representatives;

   b. An order declaring that Defendant's conduct violates the TCPA;

   c. Enjoining Defendant from making further unsolicited telemarketing calls in violation of the TCPA;

   d. Requiring Defendant to adopt and abide by internal TCPA-compliance policies;

   e. An award of statutory damages to Plaintiff and the Class; and

   f. An award of treble damages if the Defendant's conduct is found to be willful.

Dated: April 11, 2023.                    Respectfully submitted,

                                          **COCHRAN LAW PLLC**

                                          /s/ *Blake E. Mattingly*
                                          Stuart L. Cochran
                                          Texas Bar No.: 24027936
                                          Blake E. Mattingly
                                          Texas Bar No.: 24104229
                                          8140 Walnut Hill Ln., Suite 250
                                          Dallas, Texas 75231
                                          Telephone: (469) 333-3405
                                          Facsimile: (469) 333-3406
                                          stuart@scochranlaw.com
                                          blake@scochranlaw.com

                                          **ATTORNEYS FOR PLAINTIFF VICTORIA ACUFF**